IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| NATHAN JAMES BENAGE, Institutional ID No. 02320204, SID No. 04870740, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-CV-00002-BU |
| BOBBY LUMPKIN, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nathan James Benage, an inmate incarcerated by the Texas Department of Criminal Justice and proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on January 4, 2021. Dkt. No. 1. The Court granted Benage leave to proceed in forma pauperis, which subjects his Complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915. Dkt. No. 5. Because Benage brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A.

Under 28 U.S.C. § 636(b) and an order of transfer, this civil action was transferred to the undersigned United States magistrate judge. Dkt. No. 6. Benage has not consented to proceed before a magistrate judge.

Therefore, in accordance with the Court's transfer order, the undersigned enters these findings and conclusions, and recommends that Benage's claims be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to obey an order of the Court.

1

## I. BACKGROUND

Benage sues TDCJ-CID Director Bobby Lumpkin, Middleton Unit Warden Benny Bundy, and Texas Governor Greg Abbott. Dkt. No. 1 at 3. Benage alleges that Lumpkin and Bundy placed his "health & safety at risk" when they housed him with COVID-19 positive inmates at the Middleton Unit. *Id*. Benage also claims that Abbott violated his civil rights when Abbott failed "to use the parole or pardon system in a medical crisis to release nonviolent offenders & remove them out of harms way." *Id*.

On March 17, 2021, the undersigned ordered Benage to respond to a Magistrate Judge's Questionnaire no later than April 7, 2021, so that the Court may further develop the factual allegations in Benage's Complaint. Dkt. No. 9. Benage failed to respond as ordered and the undersigned entered a Show Cause Order instructing Benage to show cause on or before April 30, 2021 why his case should not be dismissed under Rule 41(b). Dkt. No. 10. Benage failed to respond to that order as well, and the deadline to do so has passed.

## II. DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b);

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate in this case. The Magistrate Judge's Questionnaire mailed to Benage ordered him to read each question and to respond with facts specific to the question asked. Dkt. No. 9 at 1. The Court cautioned Benage that his "failure to return the completed Questionnaire and Certification" on or before April 7, 2021 "will likely result in the dismissal of his claims." *Id*. However, Bernabe either failed or refused to file a questionnaire response.

The Court's Show Cause Order provided an additional two weeks in which Benage could demonstrate why his case should not be dismissed under Rule 41(b), but, again, Benage filed no response. Now, Benage has twice failed to respond to orders from the Court. The Court is not required to delay the disposition of this case until such time as Benage decides to further prosecute his claims or comply with the Court's previous orders.

### III.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS without prejudice Benage's Complaint under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to obey an order of the Court.

It is ORDERED that this case be transferred back to the docket of the United States District Judge and be designated as Civil Action No. 1:21-CV-00002-H.

## IV.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 4th day of May, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

4